## Long's Estate.

*Devise to city for park — Park commission — Presidents of councils — Change of city government abolishing offices—Effect of on commission.*

Where a testatrix in her will, after devising certain real estate to a city for a public park, constitutes a commission to take charge of the same, which includes the presidents of select and common councils, and subsequently the city adopts the Third Class City Act, thereby abolishing the offices of presidents of select and common council, there are no successors to these offices and no vacancies are thereby created in the commission which can be filled. The membership of the commission is to that extent reduced by operation of the law.

Petition for declaratory judgment. O. C. Lancaster Co., March T., 1902, No. 59.

*Zimmerman, Meyers & Kready* and *H. L. Raub, Jr.,* City Solicitor, for petition.

SMITH, P. J., May 27, 1926.—Catharine H. Long by her will provides as follows: "I give and devise unto 'The City of Lancaster' all that plantation known as the Bomberger Farm, situated in Manheim Township, Lancaster County, on the Harrisburg Turnpike, and containing about seventy acres, to have and to hold the same forever, for the purposes of a Public Park, to be called 'Long's Park'—I direct that the Mayor of the City of Lancaster, the President of the Select Council, the President of Common Council, and my hereinafter named Executors and their successors, shall constitute a commission, to be called 'The Long Park Commission.' . . ."

To The Long Park Commission as the executive and fiduciary body was committed the gift.

The City of Lancaster in 1925 adopted the Third Class City Act and abolished its bicameral system of government, thereby the presidents of select and common councils ceased to exist.

Adapting the act "concerning declaratory judgments" (Act of June 18, 1923, P. L. 840), the Mayor of the City of Lancaster and The Lancaster Trust Company, executor of the will of Catharine H. Long, deceased, propound two questions:

Long's Estate.

"1. Whether there are or are not any successors to the President of Select Council and the President of Common Council of the City of Lancaster; and if there are, who those successors are.

"2. Whether or not there are any vacancies existing in 'The Long Park Commission.' "

As we know of no way by which a successor to a late incumbent of an extinct office can be inducted, we find that there are no successors to the one-time President of Select Council and the President of Common Council of the City of Lancaster.

A vacancy relates to an unfilled space or an unoccupied office. As the Presidents of Select and Common Councils of the City of Lancaster and the councils are non-existing, nothing conforms to them—not even vacancy. The testatrix in identifying The Long Park Commission denoted factors which have become nonentities. If the presidents of the councils have ceased to be entities, they are nothing, and, therefore, cannot affect the entirety and continuity of something. Since they have dropped out, the commission composes as completely as water in a bucket from which a bit has been spilled. Notwithstanding some of the water has disappeared, there is no vacancy in the water, nor is there any vacancy in the commission, and there is nothing to prevent it from properly functioning.

The Third Class City Act annulled an intention of the testatrix and did away with the offices of presidents of councils and also with those who, by virtue of them, were members of The Long Park Commission; therefore, the membership of the commission was reduced by operation of the law.

The testatrix designated the presidents of councils as members of the commission. Their succession was automatic and believed to be perpetual. No power was vested by her in any one to appoint or substitute as to them. If all the members of the commission ceased to exist, a different question would arise.

From George Ross Eshleman, Lancaster Pa.